**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv109**

| | |
|---|---|
| LENA M. STAAKE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITIMORTGAGE, INC., et al., )<br>)<br>Defendants. )<br>_____ | **MEMORANDUM AND<br>RECOMMENDATION** |

Pending before the Court are the Defendants' Motions to Dismiss [# 6 & # 12]. Plaintiff brought this action in the Superior Court of Transylvania County, North Carolina asserting a claim for unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1 and a claim for equitable relief pursuant to N.C. Gen. Stat. § 45-21.43. Defendant CitiMortgage, Inc. ("CitiMortgage") removed the action to this Court on the basis of federal question jurisdiction. Upon a review of the record and the relevant legal authority, the Court **RECOMMENDS** that the District Court **REMAND** this case because this Court lacks subject matter jurisdiction over this dispute.

## I. Analysis

Pursuant to Section 1441, a defendant may remove any civil action brought

in state court to the United States district court where the action is pending, provided that the district court has original jurisdiction over the dispute. 28 U.S.C. § 1441(a). The party removing the action from state court bears the burden of demonstrating that jurisdiction is proper in federal court. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). Courts construe removal jurisdiction strictly, and where "federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); Beechwood Dev. Grp., Inc. v. Konersman, 517 F. Supp. 2d 770, 772 (D.S.C. 2007). Moreover, lack of subject matter jurisdiction is an issue that the Court may raise *sua sponte* at any time. See State v. Ivory, 906 F.2d 999, 1000 n.1 (4th Cir. 1990); see also Plyler v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997); Schlumberger Indus., Inc. v. Nat'l Sur. Corp., 36 F.3d 1274, 1278 n.5 (4th Cir. 1994).

Defendant removed this action on the basis of federal question jurisdiction. Section 1331 provides that this Court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal or state law is determined by the allegations plead in the complaint. Merrell Dow Pharmas., Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232 (1986). Thus, the question for the Court

is whether the claims asserted in Plaintiff's Complaint arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

Most cases invoking Section 1331 involve situations where the plaintiff pleads a cause of action created by federal law. Grable & Sonsmetal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 2366 (2005); Mulcahey, 29 F.3d at 151. "In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." Mulcahey, 29 F.3d at 151 (emphasis in original). Here, state law, not federal law, creates the causes of action asserted by Plaintiff in the Complaint; the Complaint does not assert a federal cause of action. Count One asserts a state law claim for unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1. (Pl.'s Compl. ¶¶ 22-38.) Count Two asserts a claim for equitable relief pursuant to N.C. Gen. Stat. § 45-21.34. (Id. ¶¶ 39-45.) Both claims are created by North Carolina law.

The fact that state law creates the two causes of action in this dispute, however, does not end the inquiry into whether subject matter jurisdiction is proper. See Dixon, 369 F.3d at 816. Federal question jurisdiction may still be proper even where the claims arise under state law if the state law claims implicate significant federal issues. Grable & Sonsmetal Prods., 545 U.S. at 312, 125 S. Ct.

at 2366-67. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solitude, and hope of uniformity that a federal forum offers on federal issues . . . ." Id. Pursuant to this doctrine, a defendant removing an action were state law creates the plaintiff's cause of action must establish: "(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." Dixon, 369 F.3d at 816; Konersman, 517 F. Supp. 2d at 773. If either of these two element is lacking then the district court must remand the case because removal is improper. Dixon, 369 F.3d at 816. Plaintiff's Complaint fails to satisfy these requirements.

In order for Plaintiff's right to relief to necessarily depend on a question of federal law, *every* legal theory supporting that claim must require the resolution of a federal issue. Flying Pigs, LLC v. RRAJ Franchising, LLC, 757 F.3d 177, 182 (4th Cir. 2014); Dixon, 369 F.3d at 816-17; Konersman, 517 F. Supp.2d at 774. "In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." Dixon, 369 F.3d at 817. Here, the state law claims contained in Plaintiff's Complaint are only based in part on the resolution of

a federal issue; every legal theory asserted in the Complaint that supports Plaintiff's state law claims do not depend on the resolution of federal issues. For example, Plaintiff's allegations in the Complaint that Defendant is liable for unfair and deceptive trade practices under North Carolina law for violating the Real Estate Settlement Procedures Act is only one of several theories of recovery asserted in the Complaint. Plaintiff also alleges that Defendants submitted fabricated documents and affidavits, failed to mail foreclosure notices, and took other allegedly tortious actions apart from allegedly violating federal statutes. (Pl.'s Compl. ¶¶ 22-38.) Because every legal theory supporting Plaintiff's state law claims does not require the resolution of a federal issue, remand is required in this case. See Flying Pigs, 757 F.3d at 182-83; Dixon, 369 F.3d at 816-17.[1]

**II.  Conclusion**

The Court **RECOMMENDS** that the District Court **REMAND** this case because removal on the basis of federal question jurisdiction was improper. Accordingly, the Court **DENIES without prejudice** the Motions to Dismiss [# 6 & # 12]. If the District Court declines to remand this case, Defendants may renew their Motions to Dismiss within five (5) days of the entry of District Court's Order

---

1  Even if Plaintiff's state law claims had relied exclusively on violations of federal statutes to establish liability, the question of federal law set forth in the Complaint is not substantial and would not warrant this Court retaining jurisdiction of the case. See e.g. Bottom v. Bailey, Civil No. 1:12cv97, 2013 WL 431824, at *7 (W.D.N.C. Feb. 4, 2013) (Reidinger, J.).

rejecting the Memorandum and Recommendation. If the Rule 12 motions are renewed, the parties need not re-brief the issues, and the Court will promptly issue a Memorandum and Recommendation on the renewed motions.

Signed: January 15, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).