# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00109-MR-DLH

| | |
|---|---|
| LENA M. STAAKE, | ) |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM OF DECISION AND ORDER** |
| CITIMORTGAGE, INC., et al., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Defendants' Motions to Dismiss [Docs. 6, 12]; the Magistrate Judge's Memorandum and Recommendation [Doc. 21] regarding the disposition of said motions; and the Defendant Citimortgage, Inc.'s Objection to the Memorandum and Recommendation [Doc. 22].

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff Lena M. Staake ("Plaintiff") brought this action against the Defendants Citimortgage, Inc. and Grady J. Ingle, Substitute Trustee, and Elizabeth B. Ellis, Substitute Trustee, jointly and severally ("Defendants") in relation to a foreclosure action brought against her. The Plaintiff has asserted claims for violation of N.C.G.S. § 75-1, unfair and deceptive trade practices; and equitable relief pursuant to N.C.G.S. § 45-

21.34.  [Doc. 1-1].  The Defendant Citimortgage, Inc. removed the case to this Court on April 30, 2014.  [Doc. 1].  The Defendants Grady I. Ingle and Elizabeth B. Ells moved to dismiss the complaint against them on May 6, 2014 [Doc. 6], and the Plaintiff voluntarily dismissed the claims against these two defendants on June 6, 2014.  [Doc. 14].[1]  On June 6, 2014, Defendant Citimortgage, Inc. moved to dismiss the case with prejudice.  [Doc. 12].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' Motions to Dismiss and to submit a recommendation regarding their disposition.  On January 15, 2015, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that this Court should remand the case to state court because this Court lacks subject matter jurisdiction over the case.  [Doc. 21].  The Defendant filed objections to the Court's Memorandum and Recommendation.  [Doc. 22].

Having been fully briefed, this matter is ripe for disposition.

---

[1] The Motion to Dismiss by Defendants Grady Ingle, Substitute Trustee and Elizabeth Ellis, Substitute Trustee [Doc. 6] is now moot, due to the Plaintiff's voluntary dismissal of these parties on June 6, 2014. [Doc. 14].

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

As the Magistrate Judge properly noted, "[t]he central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief." [Doc. 21 at 2 (citing Francis v. Giacomelli, 588 F.3d 186,

3

189 (4th Cir. 2009))]. This Court views "the allegations in the Plaintiff's Amended Complaint as true and construes them in the light most favorable to [the] Plaintiff." [Id. at 2 (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92).]

The Magistrate Judge recommended that this case be remanded because "state law, not federal law, creates the causes of action asserted by Plaintiff in the Complaint." [Doc. 21 at 3]. The Magistrate Judge further noted that there are unusual circumstances where "[f]ederal question jurisdiction [under 28 U.S.C. § 1441(a)] may still be proper even where the claims arise under state law if the state law claims implicate significant federal issues." [Doc. 21 at 3-4 (citing Grable & Sonsmetal Prods., 545 U.S. 308, 312 (2005)]. Specifically, "a defendant removing an action w[h]ere state law creates the plaintiff's cause of action must establish: '(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.'" [Doc. 21 at 4 (citing Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004); Beechwood Dev. Grp., Inc. v. Konersman, 517 F. Supp. 2d 770, 772 (D.S.C. 2007)]. "[T]he 'well-pleaded complaint rule' demands that the federal court confine its inquiry to the plaintiff's statement of his own claim

4

unaided by anything in anticipation or avoidance of defenses which it is thought the defendant may interpose." Flying Pigs, LLC v. RRAJ Franchising, LLC, 757 F.3d 177, 179 (4th Cir. 2014) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988)).

The Defendant contends that the facts alleged in this case fall within these narrow exceptions and thus jurisdiction lies. The Defendant first argues that "a federal issue is necessarily raised by the Plaintiff's complaint, and is actually disputed." [Doc. 22 at 4]. The Defendant claims that the Plaintiff's "UDTPA claim is based upon the applicability and impact of the Federal Servicing Rules." [Id.]. The Defendant notes that "[i]n order to rule upon this claim, the presiding court will necessarily need to construe the Final Servicing Rules, the impact of the effective date, and of course, whether the Final Servicing Rules were violated." [Id.]. The Defendant contends that "[c]ompliance with the Final Servicing Rules is the gravamen of Plaintiff's entire Complaint." [Doc. 22 at 5].

Here, the Magistrate Judge properly noted that "[i]n order for Plaintiff's right to relief to necessarily depend on a question of federal law, every legal theory supporting that claim must require the resolution of a federal issue. Flying Pigs, LLC, 757 F.3d 177, 182 (4th Cir. 2014)" (other citations omitted). [Doc. 21 at 4]. Thus, "if the plaintiff can support his

claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." Dixon, 369 F.3d at 817. [Doc. 21 at 4]. In this case, however, compliance with the Final Servicing Rules is not the "gravamen" of the Plaintiff's entire Complaint, nor is it "the central point of dispute." See Gunn v. Minton, 133 S.Ct. 1059, 1065 (2013). The Plaintiff's Complaint first contains a state law claim for unfair and deceptive trade practices based on allegations of an affidavit "that contained a false and fabricated allonge . . . which purported to assign the promissory note to the petitioner" [Doc. 1-1 at ¶ 24]; "unconscionable and deceptive acts" in the form of submission of an affidavit known to contain false statements [Doc. 1-1 at ¶ 25]; an intentional or negligent failure to mail the notice of the March 6, 2014 hearing to the plaintiff [Doc. 1-1 at ¶ 28]; "induce[ment] of the plaintiff to engage in foreclosure prevention attempts" [Doc. 1-1 at ¶ 30]; intentional or negligent "fail[ure] to process the plaintiff's application for foreclosure alternatives within a reasonable time" [Doc. 1-1 at ¶ 31]; "a deliberate scheme to deprive plaintiff of her property by intentionally delaying and mishandling the processing of her loan modification application" [Doc. 1-1 at ¶ 32]; and a "fail[ure] to postpone or cancel the foreclosure proceedings" allegedly in violation of Final Servicing Rules [Doc. 1-1 at ¶ 33]. Thus, the Plaintiff is

6

relying on multiple alleged misdeeds to support her claim of unfair and deceptive trade practices. In addition, the Plaintiff's Complaint seeks equitable relief, based on allegations that the Plaintiff "did not have actual knowledge of the final hearing" in the foreclosure proceeding and that there was an appearance of fraud on the Court due to "the conspicuous timing of the unserved and mismatched affidavit." [Doc. 1-1 at ¶ 42-43]. It is apparent from the face of the Plaintiff's Complaint that her allegations are based on theories beyond the scope of the Final Servicing Rules. Thus, the Defendant's first objection is overruled.

The Defendant next argues that the "applicability and scope of the Final Servicing Rules is a substantial federal issue that can be addressed without disrupting the federal-state balance approved by Congress." [Doc. 22 at 6]. Specifically, the Defendant argues that the substantiality and comity factors weigh in favor of federal jurisdiction in this case. [Id.]. Additionally, the Defendant notes that since "Congress has provided a private right of action for failure to comply with loan servicing regulations, [this indicates] a judgment that interpretation of these rules is a substantial question of federal law. See 12 U.S.C. § 2605(f) & (k)(1)(E)." [Id.]. "Even where substantial federal issues are presented by state law claims," the balance of state and federal judicial responsibilities cannot be disturbed.

Bottom v. Bailey, No. 1:12-cv-97, 2013 WL 431824, at *7 (W.D.N.C. Feb. 4, 2013) (citing Grable, 545 U.S. at 314). Indeed, "[w]hen possible it is best left to the North Carolina Courts to determine what causes of action are recognized pursuant to North Carolina law." Bottom, 2013 WL 431824 at *6.

As noted previously and as indicated by the Magistrate Judge, [Doc. 21 at 5], this case presents numerous issues that do not relate to the application of the Final Servicing Rules. Thus, "the exercise of federal jurisdiction in this case would result in a significant transfer of state law claims to federal courts." Bottom, 2013 WL 431824 at *6. Therefore, the proper balance between state and federal judicial responsibilities would be disturbed if federal jurisdiction were exercised in this case. This case must be adjudicated in state court. Thus, the Defendant's second objection is overruled.

## IV. CONCLUSION

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law. Thus, the

Defendant Citimortgage, Inc.'s Objections to the Memorandum and Recommendation are therefore overruled.

**ORDER**

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Defendant CitiMortgage, Inc.'s Objections [Doc. 22] are **OVERRULED;** the Magistrate Judge's Memorandum and Recommendation [Doc. 21] is **ACCEPTED;** the Motion to Dismiss by Defendants Grady Ingle, Substitute Trustee and Elizabeth Ellis, Substitute Trustee [Doc. 6] is **DENIED AS MOOT;** the Defendant CitiMortgage, Inc.'s Motion to Dismiss [Doc. 12] is **DENIED**; and this matter is **REMANDED** to the General Court of Justice, Superior Court Division, in Transylvania County.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge